IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:15-CR-235-BO-1

| | |
|---|---|
| DONTE JASON HINNANT,<br>　　Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br>　　Respondent. | )<br>)<br>)<br>) **ORDER**<br>)<br>)<br>) |

This cause comes before the Court on petitioner's two *pro se* motions to reduce the term of his supervised release. [DE 77, 79]. Respondent has filed its opposition and the matter is ripe for disposition. For the reasons discussed below, petitioner's motions to reduce the term of his supervised release [DE 77, 79] are DENIED.

## BACKGROUND

In 2015, petitioner pleaded guilty, pursuant to a written plea agreement, to possession of a firearm by a felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(2). [DE 33]. In March 2016, petitioner was sentenced to sixteen months' imprisonment and a three-year term of supervised release. [DE 43]. Petitioner was then sentenced in September 2016 to an additional term of imprisonment for 25 to 42 months following a state-court conviction for Robbery with a Dangerous Weapon (Conspiracy). [DE 66-3, p. 1]. Initially, these two sentences were to run consecutively, but in May 2018 the Court ordered that the sentences run concurrently. [DE 76]. Petitioner's release date was then recalculated to be May 16, 2018. [DE 84-1, p. 1]. Petitioner was released from the custody of the Bureau of Prisons on May 16, 2018 and he is currently serving his supervised release term.

In June 2018, petitioner filed two motions seeking to reduce his term of supervised release. In the first, petitioner asked for his supervised release to be reduced from three years to 18 months. [DE 77]. In the second, petitioner asked for his supervised release to be reduced by one year. [DE 79, p. 2]. In both motions, petitioner based his request on the fact that he had allegedly been held in custody by the Bureau of Prisons beyond his release date. The government filed its opposition, arguing that petitioner was not held beyond his release date and that his supervised release term did not begin until he was released from custody. [DE 84].

## DISCUSSION

Petitioner's motion to reduce his supervised release term must be denied for two principal reasons. First, petitioner did not spend any excess time in the custody of the Bureau of Prisons, as his release date was properly recalculated to May 16, 2018 following the Court's order that his sentences should run concurrently and petitioner was released on that date. [DE 84-1, p. 1]; *see also* BOP Program Statement 5160.05(10)(b)(6)–(7). Second, even if he had served excess time, this could not be credited against petitioner's three-year term of supervised release because "the term of supervised release commences on the day the person is released from imprisonment" and "does not run during any period in which the person is imprisoned." 18 U.S.C. § 3624(e); *see, e.g.*, *United States v. Johnson*, 529 U.S. 53, 57 (2000) ("[A] supervised release term does not commence until an individual is released from imprisonment."). Thus, petitioner was properly released from Bureau of Prisons custody on May 16, 2018 and his three-year term of supervised release commenced on that date. Petitioner's motion to reduce his supervised release term is, therefore, denied.

## CONCLUSION

For the above reasons, petitioner's two *pro se* motions to reduce his term of supervised release [DE 77, 79] are DENIED. The clerk is DIRECTED to serve a copy of this order on the United States Probation Office.

SO ORDERED, this \_11\_ day of October, 2018.

*[signature: Terrence Boyle]*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

3